UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULETTA HIGGINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDGE RUFUS KING, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:14-cv-02121 <br> Assigned To : Unassigned <br> Assign. Date : 12/16/2014 <br> Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and dismisses the complaint with prejudice.

Plaintiff alleges that Judge King "granted [a temporary restraining order] then denie[d] it," leaving plaintiff "unprotected" during an 11-day period during which she sustained an "attack." Compl. Thus, plaintiff concludes, Judge King is "trying to get [her] murder[ed]." *Id*.

Judge King enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the

immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).").  Accordingly, the Court will dismiss this action with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and her motion for a temporary restraining order will be denied.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 12/8/14

_____
United States District Judge